UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-60-GWU

DANNY D. GROSS,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

**INTRODUCTION**

Danny Gross originally brought <u>Gross v. Barnhart</u>, Lexington Civil Action No. 05-417-JBC (E.D. Ky), to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI).   After a period of administrative reconsideration prompted by the court's granting of the defendant's motion to remand on April 10, 2006, it is again before the federal court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.   Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.   If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his

1

09-60 Danny D. Gross

physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence. Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991). This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

2

09-60  Danny D. Gross

and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively

09-60  Danny D. Gross

established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

09-60  Danny D. Gross

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

09-60  Danny D. Gross

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

6

09-60  Danny D. Gross

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

Gross was found disabled on January 26, 1996 based upon meeting the requirements of § 12.09 of the Listing of Impairments concerning substance addiction.[1]  (Tr. 36-39).  The plaintiff's Social Security benefits were later terminated under the terms of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, because alcoholism had obviously been a "material contributing factor" to his disability.  The claimant later filed applications for DIB and for SSI in May of 2003.  (Tr. 19).  These claims were denied at all administrative levels and became final on February 23, 2005 following the issuance of a denial decision by an Administrative Law Judge (ALJ).  (Tr. 19-24).  This action was appealed to federal district court.  On April 10, 2006, the Honorable Jennifer Coffman issued an Order granting the defendant's motion to remand the action for further consideration.  After Gross was again unsuccessful before the administration, this current appeal to federal district court followed.

The current ALJ concluded that Gross, a 51-year-old former scrap metal worker and tobacco laborer with a "limited" education, suffered from impairments related to a history of lumbar sprain with chronic and recurrent back pain, an anxiety

---

[1] In addition to alcoholism, the plaintiff's paranoid disorder, anxiety disorder, and depression were all found to be "severe" impairments.  (Tr. 37).

09-60  Danny D. Gross

disorder, polysubstance abuse/dependence in full remission, and a personality disorder with schizoid, avoidant and anti-social features. (Tr. 269, 272-273). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 271-272). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 273-274). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 273).

After review of the evidence presented, the undersigned concludes that substantial evidence supports the administrative decision. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to medium level work restricted from a full range by such non-exertional restrictions as (1) "moderate" limitation of ability to understand, remember and carry out instructions toward the performance of simple repetitive work tasks and to sustain attention and concentration toward the performance of such simple repetitive work tasks; and (2) a "moderate to marked" restriction of ability to tolerate stress and pressures of day-to-day employment as well as responding appropriately to supervisors, co-workers, and work pressures in a work setting. (Tr. 317). In response, Crystal identified a significant number of jobs in the national economy which could still be performed. (Tr. 318-319). Therefore,

8

assuming that the vocational factors considered by Crystal fairly characterized Gross's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Gross's physical condition.  Dr. Tony Mancuso examined the plaintiff and noted a diagnostic impression of lumbago, cervical pain and chest pain.  (Tr. 173).  Physical examination revealed a regular heart rhythm with no murmurs, clicks or gallops audible.  (Tr. 172).  The extremities were free of clubbing, cyanosis and edema. (Id.).  Dr. Mancuso found no focal motor or cerebellar abnormalities.  (Id.).  Deep tendon reflexes were symmetrical and no pathological reflexes were detected.  (Id.). Muscle spasm was not reported.  (Id.).  The spine had a normal range of motion with no motor deficit or sign of nerve root compression.  (Id.).  The doctor opined that the claimant had only minimal evidence for significant restriction in standing, walking, sitting, climbing, balancing, stooping, crouching, kneeling, and crawling. (Id.).  There was no sign of significant restriction for lifting, carrying, reaching, handling, feeling, pushing, pulling, seeing, hearing and speaking.  (Id.).  The ALJ's findings were essentially compatible with this opinion.

Dr. Robert Brown reviewed the record and opined that it did not reveal the existence of a "severe" physical impairment.  (Tr. 192).  The administrative findings are also compatible with this opinion.

09-60  Danny D. Gross

Gross was treated at the Kentucky River Medical Center between September, 2003 and September, 2004.  A Ct Scan of the head was normal.  (Tr. 201).  An x-ray of the right shoulder was normal.  (Id.).  The staff did not identify the existence of more severe physical restrictions than those found by the ALJ.  Therefore, this exhibit also does not support the plaintiff's disability claim.

The ALJ also dealt properly with the evidence of record relating to Gross's mental condition.  Psychologist Greg Lynch examined the plaintiff and diagnosed an anxiety disorder, polysubstance abuse/dependence in full remission, and a personality disorder.  (Tr. 307-308).  Lynch identified a number of mental limitations including a "moderate" restriction in handling instructions for repetitive tasks and sustaining attention and concentration for repetitive tasks and a "moderate to marked" limitation of ability to tolerate stress and work pressures and responding appropriately to supervision and co-workers.  (Id.).  These restrictions were presented to the vocational expert.  No other mental professional identified the existence of more severe mental limitations.  Therefore, substantial evidence supports this portion of the administrative decision.

Gross argues that the ALJ erred by failing to abide by the terms of the remand order entered by the federal court in April of 2006.  The court ordered that a consultative mental status examination be obtained, and, after the examination, the ALJ was to review and discuss the findings in accordance with Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997) and Acquiescence

10

09-60  Danny D. Gross

Ruling (AR) 98-4(6) addressing the applicability of the prior findings  of a paranoid disorder, anxiety disorder and depression with the current examination results by the Social Security Administration.  <u>Gross v. Barnhart</u>, 05-417-JBC, Docket Entry No. 9.  The <u>Drummond</u> decision provides that principles of <u>res judicata</u> require that the administration be bound by findings with regard to a claimant's residual functional capacity in an earlier decision unless a change of circumstances is proved upon a subsequent application.  <u>Drummond</u>, 126 F.3d at 842.  AR 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  In moving for the remand of the action, the defendant specifically indicated to the court that these actions needed to be done as part of the basis for the remand request.  <u>Gross v. Barnhart</u>,05-417-JBC, Docket Entry No. 7.  Following the remand, Lynch performed the required mental health examination.  However, the ALJ did not discuss the applicability of the findings from the prior administrative decision to the current time period. (Tr. 266-274).  The plaintiff asserts that this omission constitutes reversible error.

The undersigned must reject Gross's argument.  The <u>Drummond</u> decision and AR 98-4(6) provide that <u>a residual functional capacity finding</u> by an ALJ remains binding on the administration unless "new and material" evidence suggests a

09-60  Danny D. Gross

change of circumstances pertinent to the unadjudicated time period.  This requires that the earlier ALJ must have made a determination with regard to the plaintiff's residual functional capacity at Step Four of the sequential evaluation process.  As previously noted, the 1996 determination of disabled status was made at Step Three--the Listing of Impairments.  (Tr. 36-39).  Thus, the earlier ALJ did not make the kind of findings required for application of the Drummond decision and AR 98-4(6).  Furthermore, Public Law 104-121 terminated a claimant's right to receive Social Security disability benefits if alcoholism or drug abuse were a "material factor contributing to disability."  This act required that a new medical determination of disabled status be made for all affected Social Security disability recipients.  Pub. L. 104-121, 110 Stat. 847, § 105(b)(1)(1996).  In an unpublished decision, the Sixth Circuit Court of Appeals found that such a new medical determination could not be made if earlier findings were accorded res judicata status as required under Drummond.  Hamblin v. Apfel, 2001 U.S. App. Lexis 5380, Sixth Circuit Court of Appeals (March 26, 2001).  Since the defendant specifically indicated to the court that Drummond and AR 98-4(6) needed to be addressed, the ALJ should have discussed this issue.  However, the doctrine of res judicata was not applicable in this action for the aforementioned reasons and, so, a remand of the action for an ALJ to state this would serve no useful purpose.  Therefore, the undersigned finds the error harmless.

12

09-60  Danny D. Gross

Gross also asserts that the administration's failure to include medical records from the earlier adjudication in the current record constitutes reversible error.  The plaintiff alleges a disability onset date of February 26, 2000 on his current claims for DIB and SSI.  (Tr. 266).  The medical records which he alleges were erroneously omitted would all have originated well before this date.  Thus, they would be of limited relevance to the current claim.  Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of January, 2010.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

13